**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GRACE MCLAURIN, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-4321-RWS |
| J.D. HOMES MANAGEMENT, | : | |
| LLC, et al., | : | |
| | : | |
|     Defendants. | : | |

**ORDER**

Plaintiff Grace McLaurin, pro se, filed this action on December 12, 2011

and requested that she be permitted to proceed in forma pauperis.  On

December 19, 2011, Magistrate Judge C. Christopher Hagy entered an order

granting Plaintiff's Application for Leave to Proceed In Forma Pauperis and

directed the Clerk to submit the case to the District Court for a frivolity

determination pursuant to 28 U.S.C. § 1915(e)(2)(B).  The case is presently

before this Court for frivolity review.

**Background**[1]

This case arises out of the eviction of Plaintiff and her minor son from

---

[1] As the case is currently before the Court for a frivolity determination, the
Court accepts as true the facts alleged in the Amended Complaint.

their residence, located at 3422 Waldrop Trail, Decatur, Georgia.  Plaintiff filed

this action "seeking damages for the violation of her rights as a tenant under the

State of Georgia Tenant Law and the Residential Landlord and Tenant Act."

(Am. Compl., Dkt. [4] ¶ 1.)  Plaintiff alleges that this Court has federal question

subject matter jurisdiction, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331

and 1343(a)(3).  (Id. ¶ 2.)

In the Amended Complaint, Plaintiff names as Defendants various non-

state and state actors.  The non-state Defendants are as follows: J.D. Homes

Management, LLC ("J.D. Homes"), the entity that advertised and leased

Plaintiff's residence; Brandy and Richard Nelson, the owners of the residence

and Plaintiff's former landlords; and, finally, Atlanta Pro Movers, a moving

company that participated in Plaintiff's eviction.  (Id. ¶¶ 4, 11-13.)  The

following state actors are also named as Defendants: Dekalb County; the

Dekalb County Sheriff's Department; Dekalb County Deputy Marshall, K.C.

Richardson; and Dekalb County Animal Control.  (Id. ¶¶ 6-9.)

The factual allegations of the Amended Complaint are as follows:

Plaintiff alleges that she leased a townhouse from Defendant J.D. Homes in or

around August 2011.  (Id. ¶ 14.) When she moved into the residence, she

2

discovered various defects in the property, including a broken washing

machine, water heater, and, eventually, air conditioner.  (Id. ¶ 15.)  Plaintiff

contacted J.D. Homes and later Defendants Brandy and Richard Nelson

regarding these defects, but she did not receive immediate assistance.  (Id. ¶¶

16-19.)  Plaintiff located, herself, a certified repairperson to repair the broken

air conditioner.  (Id. ¶ 18.)  During the subsequent two weeks, four men–none

of whom had identification–came to the residence on multiple occasions to

make repairs to the washing machine and water heater.  (Id. ¶ 20.)

Plaintiff alleges that she "had a problem allowing these different men in

her house for repairs" and that "the repairs should have been made before the

property was leased."  (Id. ¶ 23.)  Plaintiff seeks damages against J.D. Homes

for advertising and leasing a residence "that was not repaired, where the hot

water heater and the washing machine were not operable."  (Id. ¶ 4.)  She also

seeks damages against Brandy and Richard Nelson "for acts during the rental of

the property" (id. ¶¶ 11-12)–which acts, the Court presumes, relate to the

aforementioned property defects.

Plaintiff also alleges that on October 21, 2011, she discovered a

Dispossessory Warrant on her door panel, which warrant had been filed by

AO 72A
(Rev.8/82)

Brandy Nelson.  (Id. ¶¶ 24, 27.)  Plaintiff filed her Answer and Defenses to the

warrant on or around October 29, 2011.  (Id. ¶ 25.)  No hearing on the warrant

was held, and Plaintiff never received a writ of possession or any other warning

that she would be evicted.  (Id. ¶¶ 25, 27.)

On November 15, 2011, however, Plaintiff was evicted from the

townhouse.  (Id. ¶ 26.)  On that date, Plaintiff received a phone call from

Brandy Nelson, informing Plaintiff that she was being evicted and that Dekalb

County Animal Control had taken possession of Plaintiff's dog.  (Id. ¶ 26.)

Plaintiff was also informed that Defendants were waiting for her minor son to

get off the school bus so they could turn him over to the Georgia Department of

Family and Children Services.  (Id.)  Plaintiff alleges that during the eviction,

Defendants left Plaintiff's personal property–which included furniture,

appliances, lamps, printers, laptops, electronics, decorations, and clothing–in

the yard, allowing it to be stolen or damaged by rain.  (Id. ¶ 28.)

Based on these allegations, Plaintiff seeks damages against Deputy

Marshall K.C. Richardson for incorrect service of the Dispossessory Warrant.

(Id. ¶ 7.)  She seeks damages against DeKalb County and the DeKalb County

Sheriff's Department for aiding and abetting Plaintiff's eviction, for invading

Plaintiff's privacy, and for destroying Plaintiff's personal property.  (Id. ¶ 10.)

Plaintiff additionally seeks to hold the DeKalb County Sheriff's Department

liable for alleged verbal threats made by Sheriff's Department employees to

Plaintiff during the eviction.  (Id. ¶ 9.)  Plaintiff seeks damages against DeKalb

County Animal Control for taking Plaintiff's dog during the eviction and

against Atlanta Pro Movers for theft of Plaintiff's personal property.  Finally,

Plaintiff alleges that all Defendants are liable for intentional infliction of

emotional distress.  (Id. ¶ 31.)  Plaintiff summarizes her various claims as

follows:

> In no way did either Defendant follow the law starting with renting
> out the townhouse that was in need of repairs, to the service of the
> Dispossessory Warrant by the deputy marshal and the eviction of
> the Plaintiff, to invading Plaintiff's privacy and setting her
> furniture and personal items out to obtain water damage due to the
> rain.  Defendants' actions were callous in invading Plaintiff's
> privacy and destroying her property.
>
> By unlawfully evicting Plaintiff, her minor son and her dog,
> Defendants deprived Plaintiff of her rights as a Georgia tenant.
>
> By intentionally engaging in outrageous and unlawful conduct,
> which caused severe emotional distress to Plaintiff and her minor
> son, all [D]efendants are liable for the intentional infliction of
> emotional distress to [Plaintiff] and her minor son.

(Id. ¶¶ 29-31.)

5

## Discussion

### I.    The Frivolity Review Standard

As stated above, this case is before the Court for a frivolity determination

pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to this Code section, "the

court shall dismiss the case at any time if the court determines that . . . (B) the

action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is frivolous

when it appears from the face of the complaint that the factual allegations are

"clearly baseless" or that the legal theories are "indisputably meritless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392,

393 (11th Cir. 1993).  A claim is also frivolous if the defendants are immune

from suit or the claim seeks to enforce a right that clearly does not exist.

Neitzke, 490 U.S. at 327.  If an affirmative defense such as a statute of

limitation would defeat a claim, the claim may also be frivolous.  Clark v.

Georgia Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

### II.    Plaintiff's Amended Complaint

With respect to the claims raised in the Amended Complaint against the

AO 72A
(Rev.8/82)

non-state actor Defendants, the Court finds this action to be frivolous on

grounds that the Court lacks subject matter jurisdiction.  Although Plaintiff has

alleged federal question jurisdiction under various federal statutes, including 42

U.S.C. § 1983, the claims asserted against the non-state actors plainly do not

implicate federal law but, rather, arise under Georgia tort law.  The claims thus

cannot be asserted in federal court, absent an allegation of diversity jurisdiction,

and should be asserted in a Georgia state court.  Accordingly, this action shall

not be permitted to proceed against the non-state actor Defendants named in the

Amended Complaint.

　　　With respect to the claims raised against the state-actor Defendants,

Plaintiff has failed to allege sufficient factual matter to enable the Court to

determine whether the claims are frivolous.  In particular, Plaintiff has failed to

allege facts demonstrating that Plaintiff's claims against these Defendants do,

indeed, arise under federal law.  Accordingly, Plaintiff shall be given twenty-

one (21) days from the entry date of this Order to amend the Amended

Complaint and plead with greater specificity the facts giving rise to her claims

against the state-actor Defendants.

AO 72A
(Rev.8/82)

## Conclusion

In accordance with the foregoing, Plaintiff's claims against the non-state actor Defendants are **NOT ALLOWED TO PROCEED**.  Plaintiff shall be given twenty-one (21) days from the entry date of this Order to amend the Amended Complaint and plead with greater specificity the facts giving rise to her claims against the state-actor Defendants.

**SO ORDERED**, this __14th__ day of May, 2012.


_____

**RICHARD W. STORY**
United States District Judge

8