# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GRACE MCLAURIN, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:11-CV-4321-RWS
J.D. HOMES MANAGEMENT, :
LLC, et al., :
:
    Defendants. :

## **ORDER**

Plaintiff Grace McLaurin, pro se, filed this action on December 12, 2011 and requested that she be permitted to proceed in forma pauperis. On December 19, 2011, Magistrate Judge C. Christopher Hagy entered an order granting Plaintiff's Application for Leave to Proceed In Forma Pauperis and directed the Clerk to submit the case to the District Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). The case is presently before this Court for frivolity review.

## **Background**[1]

This case arises out of the eviction of Plaintiff and her minor son from

---

[1] As the case is currently before the Court for a frivolity determination, the Court accepts as true the facts alleged in the Amended Complaint.

their residence, located at 3422 Waldrop Trail, Decatur, Georgia. Plaintiff filed this action "seeking damages for the violation of her rights as a tenant under the State of Georgia Tenant Law and the Residential Landlord and Tenant Act." (Am. Compl., Dkt. [4] ¶ 1.) Plaintiff alleges that this Court has federal question subject matter jurisdiction, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3). (Id. ¶ 2.)

In the Amended Complaint, Plaintiff names as Defendants various non-state and state actors. The non-state Defendants are as follows: J.D. Homes Management, LLC ("J.D. Homes"), the entity that advertised and leased Plaintiff's residence; Brandy and Richard Nelson, the owners of the residence and Plaintiff's former landlords; and, finally, Atlanta Pro Movers, a moving company that participated in Plaintiff's eviction. (Id. ¶¶ 4, 11-13.) The following state actors are also named as Defendants: Dekalb County; the Dekalb County Sheriff's Department; Dekalb County Deputy Marshall, K.C. Richardson; and Dekalb County Animal Control. (Id. ¶¶ 6-9.)

The factual allegations of the Amended Complaint are as follows: Plaintiff alleges that she leased a townhouse from Defendant J.D. Homes in or around August 2011. (Id. ¶ 14.) When she moved into the residence, she

2

discovered various defects in the property, including a broken washing machine, water heater, and, eventually, air conditioner. (Id. ¶ 15.) Plaintiff contacted J.D. Homes and later Defendants Brandy and Richard Nelson regarding these defects, but she did not receive immediate assistance. (Id. ¶¶ 16-19.) Plaintiff located, herself, a certified repairperson to repair the broken air conditioner. (Id. ¶ 18.) During the subsequent two weeks, four men–none of whom had identification–came to the residence on multiple occasions to make repairs to the washing machine and water heater. (Id. ¶ 20.)

Plaintiff alleges that she "had a problem allowing these different men in her house for repairs" and that "the repairs should have been made before the property was leased." (Id. ¶ 23.) Plaintiff seeks damages against J.D. Homes for advertising and leasing a residence "that was not repaired, where the hot water heater and the washing machine were not operable." (Id. ¶ 4.) She also seeks damages against Brandy and Richard Nelson "for acts during the rental of the property" (id. ¶¶ 11-12)–which acts, the Court presumes, relate to the aforementioned property defects.

Plaintiff also alleges that on October 21, 2011, she discovered a Dispossessory Warrant on her door panel, which warrant had been filed by

3

Brandy Nelson. (Id. ¶¶ 24, 27.) Plaintiff filed her Answer and Defenses to the warrant on or around October 29, 2011. (Id. ¶ 25.) No hearing on the warrant was held, and Plaintiff never received a writ of possession or any other warning that she would be evicted. (Id. ¶¶ 25, 27.)

On November 15, 2011, however, Plaintiff was evicted from the townhouse. (Id. ¶ 26.) On that date, Plaintiff received a phone call from Brandy Nelson, informing Plaintiff that she was being evicted and that Dekalb County Animal Control had taken possession of Plaintiff's dog. (Id. ¶ 26.) Plaintiff was also informed that Defendants were waiting for her minor son to get off the school bus so they could turn him over to the Georgia Department of Family and Children Services. (Id.) Plaintiff alleges that during the eviction, Defendants left Plaintiff's personal property–which included furniture, appliances, lamps, printers, laptops, electronics, decorations, and clothing–in the yard, allowing it to be stolen or damaged by rain. (Id. ¶ 28.)

Based on these allegations, Plaintiff seeks damages against Deputy Marshall K.C. Richardson for incorrect service of the Dispossessory Warrant. (Id. ¶ 7.) She seeks damages against DeKalb County and the DeKalb County Sheriff's Department for aiding and abetting Plaintiff's eviction, for invading

4

Plaintiff's privacy, and for destroying Plaintiff's personal property. (Id. ¶ 10.) Plaintiff additionally seeks to hold the DeKalb County Sheriff's Department liable for alleged verbal threats made by Sheriff's Department employees to Plaintiff during the eviction. (Id. ¶ 9.) Plaintiff seeks damages against DeKalb County Animal Control for taking Plaintiff's dog during the eviction and against Atlanta Pro Movers for theft of Plaintiff's personal property. Finally, Plaintiff alleges that all Defendants are liable for intentional infliction of emotional distress. (Id. ¶ 31.) Plaintiff summarizes her various claims as follows:

> In no way did either Defendant follow the law starting with renting out the townhouse that was in need of repairs, to the service of the Dispossessory Warrant by the deputy marshal and the eviction of the Plaintiff, to invading Plaintiff's privacy and setting her furniture and personal items out to obtain water damage due to the rain. Defendants' actions were callous in invading Plaintiff's privacy and destroying her property.
>
> By unlawfully evicting Plaintiff, her minor son and her dog, Defendants deprived Plaintiff of her rights as a Georgia tenant.
>
> By intentionally engaging in outrageous and unlawful conduct, which caused severe emotional distress to Plaintiff and her minor son, all [D]efendants are liable for the intentional infliction of emotional distress to [Plaintiff] and her minor son.

(Id. ¶¶ 29-31.)

AO 72A
(Rev.8/82)

**Discussion**

**I. The Frivolity Review Standard**

As stated above, this case is before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to this Code section, "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim is also frivolous if the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327. If an affirmative defense such as a statute of limitation would defeat a claim, the claim may also be frivolous. Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

**II. Plaintiff's Amended Complaint**

With respect to the claims raised in the Amended Complaint against the

6

non-state actor Defendants, the Court finds this action to be frivolous on grounds that the Court lacks subject matter jurisdiction. Although Plaintiff has alleged federal question jurisdiction under various federal statutes, including 42 U.S.C. § 1983, the claims asserted against the non-state actors plainly do not implicate federal law but, rather, arise under Georgia tort law. The claims thus cannot be asserted in federal court, absent an allegation of diversity jurisdiction, and should be asserted in a Georgia state court. Accordingly, this action shall not be permitted to proceed against the non-state actor Defendants named in the Amended Complaint.

With respect to the claims raised against the state-actor Defendants, Plaintiff has failed to allege sufficient factual matter to enable the Court to determine whether the claims are frivolous. In particular, Plaintiff has failed to allege facts demonstrating that Plaintiff's claims against these Defendants do, indeed, arise under federal law. Accordingly, Plaintiff shall be given twenty-one (21) days from the entry date of this Order to amend the Amended Complaint and plead with greater specificity the facts giving rise to her claims against the state-actor Defendants.

AO 72A
(Rev.8/82)

## Conclusion

In accordance with the foregoing, Plaintiff's claims against the non-state actor Defendants are **NOT ALLOWED TO PROCEED**. Plaintiff shall be given twenty-one (21) days from the entry date of this Order to amend the Amended Complaint and plead with greater specificity the facts giving rise to her claims against the state-actor Defendants.

**SO ORDERED**, this __14th__ day of May, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)